# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **OREN JAMES JONES, #1632157** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:11-CV-0699-N (BK)** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. Petitioner, a Texas state inmate, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set out below, it is recommended that the petition be dismissed for failure to exhaust state court remedies.

## I. BACKGROUND

Petitioner pled guilty to indecency with a child and punishment was assessed at ten years imprisonment in *State v. Jones*, No. F08-39369 (194th Judicial District Court, Dallas County, Mar. 16, 2010). (Doc. 2 at 1-2.) Petitioner did not appeal, but filed a state habeas application under Article 11.07, of the Texas Code of Criminal Procedure, *see Ex parte Jones*, No. W08-39369, which remains pending in the convicting court. (Doc. 2 at 3-5.)[1]

---

[1] Case No. W08-39369, which Petitioner lists at the top of his federal petition (Doc. 2 at 1), relates to his guilty plea conviction for indecency with a child. The Court confirmed the pendency of the state application on the Dallas County website. Contemporaneously with this action, however, Petitioner filed three other petitions in this Court challenging guilty plea

In his federal petition, Petitioner challenges his conviction on the basis of insufficient evidence, ineffective assistance of counsel, involuntariness of guilty plea, prosecutor's failure to disclose favorable evidence, and evidence obtained pursuant to unalwful arrest.

## II. ANALYSIS

A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Petitioner has not satisfied the exhaustion requirement. While he avers raising his claims in a state habeas application, that application remains pending in the convicting court. Therefore,

---

convictions for sexual assault of a child, which were entered on the same date as the conviction in this case. *See Jones v. Thaler*, Nos. 3:11-CV-0700-G (BH), 3:11-CV-0701-D (BH), 3:11-CV-0702-M (BD) (N.D. Tex., Dallas Div.) (attacking Nos. F08-39365, F08-39372, and F08-39368). Petitioner was also convicted by jury of aggravated sexual assault of a child in a fifth case, *see State v. Jones*, No. F08-39366, and a direct appeal is presently pending. *See State v. Jones*, No. 05-10-00434-CR.

the Texas Court of Criminal Appeals has not had an opportunity to consider the merits of the

claims that Petitioner raises in his federal petition, and they remain unexhausted. Having failed

to exhaust, the petition for a writ of habeas corpus should be dismissed without prejudice to

Petitioner's right to re-file after exhausting his state court remedies.[2]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus

be **DISMISSED** without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. §

2254(b) and (c).

SIGNED April 7, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] The court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to any petition that he may file in this court. Petitioner should act diligently and expediently in seeking habeas corpus relief in both state and federal court.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE